**Opinion issued January 22, 2026**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

**NO. 01-26-00012-CV**
_____

**IN RE TYKISHA MURPHY, Relator**

---

**Original Proceeding on Petition for Writ of Mandamus**

---

**MEMORANDUM OPINION**

Relator Tykisha Murphy, a director of Galveston County Drainage District No. 2, filed an emergency petition for writ of mandamus and injunction and a request for a temporary restraining order concerning the Galveston County Drainage District No. 2 and its officials' failure to comply with the Texas Open Meetings Act.[1] We dismiss the petition for lack of jurisdiction.

---

[1] According to the petition and appendix, there is no underlying trial court case pending in Galveston County, Texas.

Relator contends that this Court has jurisdiction to grant mandamus and injunctive relief pursuant to Section 551.142(a) of the Texas Government Code. This section provides: "An interested person, including a member of the news media, may bring an action by mandamus or injunction to stop, prevent, or reverse a violation or threatened violation of this chapter by members of a governmental body." TEX. GOV'T CODE § 551.142(a). Although no case law has construed this statute and in which court this action must be filed, we find that it is not the court of appeals.

A court of appeals has the power to issue writs of mandamus and other writs as provided by the Texas Government Code. *See* TEX. GOV'T CODE § 22.221. An appellate court may issue writs of mandamus and other writs as needed to enforce our jurisdiction. *See* TEX. GOV'T CODE § 22.221(a). Furthermore, the statute permits appellate courts to issue mandamus relief only against judges of district, statutory county, statutory probate, and county courts in the appellate court's district. *See* TEX. GOV'T CODE § 22.221(b). As an appellate court, we have no power to issue writs of mandamus or injunction against officials of a county drainage district. Therefore, we lack jurisdiction to consider this petition.

We dismiss this petition for lack of jurisdiction. Any pending motions are dismissed as moot.


**PER CURIAM**

Panel consists of Justices Guerra, Caughey, and Dokupil.